IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAIL MCKEE,<br><br>    **Plaintiff,**<br><br>v.<br><br>AT&T MOBILITY CORPORATION,<br><br>    **Defendant.** | 1:13-cv-36-WSD-ECS |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Report and Recommendation [12] ("R&R") on the parties' Joint Motion to Substitute AT&T Mobility Services, LLC for the Incorrectly Named Corporate Defendant ("Motion to Substitute").

**I. BACKGROUND**

On January 4, 2013, Plaintiff Gail McKee ("Plaintiff") filed her Complaint [1] asserting claims for employment discrimination against Defendant AT&T Mobility Services Corporation ("AT&T Corp."). On April 18, 2013, AT&T Mobility Services, LLC ("AT&T LLC") filed an Answer [4] and asserted that it is the proper Defendant in this action and that it was improperly identified as AT&T Corp. in the Complaint.

On June 20, 2013, the parties jointly submitted their Motion to Substitute seeking the voluntary dismissal, with prejudice, of Plaintiff's claims against AT&T Corp. and the substitution of AT&T LLC for AT&T Corp. as the Defendant. In their Motion, the parties agree that AT&T Corp. was improperly named and that AT&T LLC was Plaintiff's employer at all relevant times.

On July 9, 2013, Magistrate Judge Scofield issued his R&R recommending that the Motion to Substitute be granted. Neither party filed an objection to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.  <u>Analysis</u>

The parties do not object to Judge Scofield's recommendation that their Motion to Substitute be granted.  The Court does not find plain error in this recommendation.  <u>See</u> Fed. R. Civ. P. 15(a)(2) (authorizing the amendment of pleadings with the opposing party's written consent); Fed. R. Civ. P. 41(a) (authorizing the voluntary dismissal of an action by "a stipulation of dismissal signed by all parties who have appeared").  Accordingly, the Court adopts the R&R.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Report and Recommendation [12] is **ADOPTED**.  The parties' Joint Motion to Substitute AT&T Mobility Services, LLC for the Incorrectly Named Corporate Defendant [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims asserted against AT&T Mobility Corporation are dismissed with prejudice, and AT&T Mobility Services, LLC is substituted as the sole Defendant in this action.

4

**SO ORDERED** this 29th day of July, 2013.

*William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE